IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **DOUGLAS FARROW,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:15-CV-3813-L** |
| | § | |
| **CITIMORTGAGE, INC.,** | § | |
| | § | |
| Defendant. | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the court is Plaintiff's Application for Temporary Restraining Order (Doc. 1-2). which was filed as part of Plaintiff's Original Petition in state court on October 2, 2015. For the reasons herein explained, the court **denies** Plaintiff's Application for Temporary Restraining Order (Doc. 1-2).

Plaintiff brought this mortgage foreclosure action on October 2, 2015, asserting claims against Defendant for breach of contract, common law fraud, and breach of the duty of good faith and fair dealing.  Plaintiff also sought a temporary restraining order ("TRO").  On October 5, 2015, the state court entered a TRO that precluded Defendant from conducting the scheduled foreclosure of Plaintiff's property on October 6, 2015.  That order expired on October 19, 2015.  The state court set a hearing for October 16, 2015, to determine whether the TRO should be converted to a temporary injunction, but it is unclear from the record in this case whether that hearing ever took place. On November 25, 2015, Defendant removed the case to federal court and filed a motion to dismiss all of Plaintiff's claims.  Defendant also contends that Plaintiff is not entitled to a TRO under applicable federal law.  No response to the motion to dismiss was filed.

**Memorandum Opinion and Order - Page 1**

While Plaintiff originally sought injunctive relief under state law, his Application for Temporary Restraining Order is governed by federal law. *See Walker v. F.D.I.C.*, 970 F.2d 114, 121 (5th Cir. 1992) (explaining that federal rather than state procedural law applies since federal law controls the course of proceedings from the point of removal). Additionally, to the extent any order granting injunctive relief was entered by the state court before the case was removed, it was "federalized insofar as federal, rather than state, procedure governs the manner of its enforcement as well as supplies whatever policy justification that might support its continuance" and expired on October 19, 2015. *Nissho–Iwai American Corp. v. Kline*, 845 F.2d 1300, 1303-304 & n.2 (5th Cir. 1988) (citing *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423 (1974), and discussing the interplay between 28 U.S.C. § 1450 and Federal Rule of Civil Procedure 65(b) applicable to temporary restraining orders in federal court). Even if the state TRO had not expired prior to removal of this case, it would have lapsed fourteen days after the case was removed. *Id.*

Under federal law, there are four prerequisites for the extraordinary relief of a TRO. A court may grant such relief only when the movant establishes that:

> (1) there is a substantial likelihood that the movant will prevail on the merits; (2) there is a substantial threat that irreparable harm will result if the [TRO] is not granted; (3) the threatened injury [to the movant] outweighs the threatened harm to the defendant; and (4) the granting of the [TRO] will not disserve the public interest.

*Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987); *Canal Auth. of the State of Florida v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974) (*en banc*). The party seeking such relief must satisfy a cumulative burden of proving each of the four elements enumerated before a TRO can be granted. *Mississippi Power and Light Co. v. United Gas Pipeline*, 760 F.2d 618, 621 (5th Cir. 1985); *Clark*, 812 F.2d at 993. Otherwise stated, if a party fails to meet *any* of the four requirements, the court cannot grant the TRO.

**Memorandum Opinion and Order - Page 2**

Plaintiff's Application for TRO fails to satisfy all of the federal requirements for a TRO. Plaintiff's Original Petition and Application for TRO are not verified and no evidence was submitted in support of the Application for TRO.  Further, the allegations in Plaintiff's Original Petition and Application for TRO are insufficient to establish a substantial likelihood that he will prevail on the merits.  For this reason, the court directed Plaintiff by separate order to amend his pleadings to cure the deficiencies noted in the motion to dismiss filed by Defendants.  Plaintiff's failure to respond to the motion to dismiss and seek an extension of the TRO entered by the state court also weigh against a finding that there is a substantial threat that irreparable harm will result if he is not granted a TRO while this action is pending.  Further, Plaintiff's claims in this case are for money damages; he does not seek a declaratory judgment or a permanent injunction that, if granted, would prevent foreclosure of his property after this case is concluded.  Thus, even if Plaintiff were to prevail on his claims in this case, it would not preclude the foreclosure of the property at issue after entry of judgment.  At most, Plaintiff would only be entitled to money damages, and he offers no arguments, authority, or evidence to show that any harm resulting from foreclosure cannot be cured by money damages if the foreclosure is subsequently proven to be unlawful. Plaintiff has, therefore, failed to satisfy his burden of establishing all of the requirements for a TRO.  Accordingly, the court **denies** Plaintiff's Application for Temporary Restraining Order (Doc. 1-2).

**It is so ordered** this 25th day of January, 2016.

Sam A. Lindsay
United States District Judge

**Memorandum Opinion and Order - Page 3**